Last revised: August 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:  Castulie Diane Moonesar        Case No.:   17-24859 CMG

                                       Judge:      Christine M. Gravelle

        Debtor(s)

**Chapter 13 Plan and Motions**

☐ Original            ☒ Modified/Notice Required        Date:   2/20/2018
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __JRR_____        Initial Debtor: _____CDM_____        Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

    a. The debtor shall pay $500.00 per month to the Chapter 13 Trustee, starting on August 4, 2017 for approximately 7 months, then $610.00 for 53 months.

    b. The debtor shall make plan payments to the Trustee from the following sources:

        ☒    Future earnings

        ☐    Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:

      ☐ Sale of real property
      Description:

      Proposed date for completion: _____

      ☐ Refinance of real property:
      Description:

      Proposed date for completion: _____

      ☒ Loan modification with respect to mortgage encumbering property:

Primary Residence located at 58 7th Street, Monroe, New Jersey 08831;

Loss Mitigation was Approved in December 21, 2017.

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☒ Other information that may be important relating to the payment and length of plan:  Debtor made Adequate Protection payments to Mortgagee, Ocwen as follows:  60% of Principal and Interest plus Escrow for Taxes and Insurance, estimated payment is $2,582.20 to commence on August 4, 2017 through January 1, 2018.    Trial Period Payments commenced on February 1, 2018.

**Part 2:    Adequate Protection ☐ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $2,582.20 to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: Ocwen Loan Servicing, LLC (creditor).) during the period of Loss Mitigation.

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|

| Chapter 13 Standing Trustee | Administrative | As Allowed by Statute |
|---|---|---|
| Jacqueline Rocci | Administrative Legal Fee: $3,500.00 paid prior to the Order of Relief | Balance Due in the Plan: $ 0.00 |
| Domestic Support Obligation | Not Applicable | Not Applicable |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ☒ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 4:  Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE
The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Ocwen Federal Bank Account No.: xxxxxx1681 | Primary Residence | As per POC | Included in calculation | Zero The arrears are capitalized in the Loan Modification per Loss Mitigation | $3,676.49 as per Trial Period |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|

| Citibank North America<br><br>Account No.: Xxxxxx9545 | Primary Residence | Estimated $95,000.00 | 515,000.00 as per Appraisal | Ocwen Loan Servicing<br><br>estimated $539,000.00 | No Value | 3% | Estimated $95,000.00 as unsecured claim |
|---|---|---|---|---|---|---|---|

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|

**f. Secured Claims Unaffected by the Plan** ☒ NONE

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

**Part 5:    Unsecured Claims** ☒ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than 100% percent to allowed claims.

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

Student Loan claim filed by Navient as Claim No. 9 for $10,414 will be paid by Debtor outside the Plan.

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|

| Part 6: | Executory Contracts and Unexpired Leases ☐ NONE | | | | |
|---|---|---|---|---|---|
| (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)<br><br>All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed: | | | | | |
| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment | |
| Toyota Motor Credit POC 5 | Zero – account is current | AutoLease for 2011 Audi | Paid outside Plan by Debtor's Son | ($429.00 paid by Debtor's Son directly to Toyota) | |
| Toyota Lease Trust POC 2 | Zero | AutoLease for 2014 Lexus | Paid outside Plan by Debtor | $359.00 in Schedule J. Future payments will be made by Reliable Driver, LLC | |
| Toyota Lease Trust POC 1 | Zero | AutoLease for 2017 Lexus | Paid outside Plan by NonDebtor Spouse's Employer | | |
| Nissan Infiniti LT POC 4 | Zero | AutoLease for 2015 Infiniti | Paid outside Plan by Debtor's Son | ($379.00 paid by Employer directly to Toyota)<br><br>($550.00 paid by Son directly to Nissan) | |

| Part 7: | Motions ☒ NONE |
|---|---|
| **NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal*, **within the time and in the manner set forth in D.N.J. LBR 3015-1.  A** *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.** |

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Citibank North America<br><br>Account No.: Xxxxxx9545 | Primary Residence<br>58 7th Street<br>Monroe, New Jersey | $95,000.00 | $515,000.00 | $539,000.00 | No Value<br><br>Second Lien | Entire Balance. Estimated to be $95,000.00 |

    **c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

**Part 8:    Other Plan Provisions**

    **a. Vesting of Property of the Estate**

        ☒  Upon confirmation

        ☐  Upon discharge

    **b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

    1) Ch. 13 Standing Trustee commissions

    2) Legal fees and other administrative expenses

    3) Secured Claims

    4) Priority Claims

    **d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| **Part 9:** | **Modification** ☒ NONE |
|---|---|

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: Original Plan dated 8/7/2017

| Explain below **why** the plan is being modified:    The Plan clarifies treatment of the auto leases.   The other auto agreements, though in her name, are paid by third parties.  The Plan also reflects successful completion of Loss Mitigation.  The Trial Period begins on February 1, 2018. | Explain below **how** the plan is being modified: The terms of payment remain the same: $500.00 for 7 months;  with a "bump up" to $610.00 for 53 months starting in March 2018. |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

| **Part 10:** | **Non-Standard Provision(s): Signatures Required** |
|---|---|

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 2/20/2017                                      */s/ Jacqueline Rocci*
                                                      Attorney for the Debtor

Date:  2/20/2017                                     */s/ Castulie Moonesar*
                                                      Debtor

Date: _____         _____
                                                      Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 2/20/2018                                                              */s/ Jacqueline Rocci, Esquire*
                                                                             Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 2/20/2018                                                              */s/ Castulie Moonesar*
                                                                             Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Castulie Diane Moonesar  
    Debtor

Case No. 17-24859-CMG  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 2     Date Rcvd: Feb 22, 2018  
                   Form ID: pdf901    Total Noticed: 41

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 24, 2018.

```
db              +Castulie Diane Moonesar,    58 7th Street,    Monroe, NJ 08831-2446
cr              +DEUTSCHE BANK NATIONAL TRUST COMPANY,    Robertson Anschutz & Schneid, P.L.,
                  6409 Congress Avenue,    Suite 100,    Boca Raton, FL 33487-2853
lm              +Ocwen Federal Bank, FSB,    1675 Palm Beach Lakes Blvd,    Suite 2A,
                  West Palm Beach, FL 33401-2122
516957338      #+Bank of America,    PO Box 26012,    Greensboro, NC 27420-6012
517109267       +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
516957340       +Capital One, FSB,    PO Box 85184,    Richmond, VA 23285-5184
517013754        Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516957341       +Citibank North America,    PO Box 790040,    Saint Louis, MO 63179-0040
516957342       +Citibank, NA/Sears,    PO Box 6615,    The Lakes, NV 88901-6615
517181276       +DEUTSCHE BANK NATIONAL TRUST COMPANY,    Ocwen Loan Servicing, LLC,
                  Attn: Cashiering Department,    1661 Worthington Road, Suite 100,
                  West Palm Beach, FL 33409-6493
517167945        Department Stores National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                  Kirkland, WA 98083-0657
516957343       +Deutsche Bank National Trust,    200 Sheffield Street Suite 301,    Mountainside, NJ 07092-2315
517182150        Deutsche Bank National Trust Co.,    Ocwen Loan Servicing, LLC,    Attn: Bankruptcy Dept.,
                  PO Box 24605,    West Palm Beach, FL 33416-4605
517153638       +Hyundai Lease Titling Trust,    PO Box 20825,    Fountain Valley, CA 92728-0825
516957346       +JPMorgan Chase Bank,    3415 Vision Drive,    Columbus, OH 43219-6009
516957347       +Kia Motors Finance,    PO Box 660891,    Dallas, TX 75266-0891
516957349       +Lord and Taylor,    PO Box 94873,    Cleveland, OH 44101-4873
516957350       +Macys,    Customer Service,    PO Box 8097,    Mason, OH 45040-8097
517014219        Nissan,    POB 660366,    Dallas, TX 75266-0366
517113609       +Nordstrom, Inc.,    Jefferson Capital Systems LLC Assignee,    Po Box 7999,
                  Saint Cloud Mn 56302-7999
516957352       +Ocwen Federal Bank,    1675 Palm Beach Lakes Blvd,    Suite 2A,    West Palm Beach, FL 33401-2122
516957353       +Phelan Hallinan Diamond & Jones, PC,    400 Fellowship Road,    Mt. Laurel, NJ 08054-3437
516957354      ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                  TRENTON NJ 08646-0245
                 (address filed with court: State of New Jersey,    Department of the Treasury,
                  Division of Taxation-Bankruptcy Depart,    Trenton, NJ 08646-0245)
516957356       +Township of Riverside,    PO Box 188,    Riverside, NJ 08075-0188
516998597       +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                  Addison, Texas 75001-9013
517029588       +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg              E-mail/Text: usanj.njbankr@usdoj.gov Feb 22 2018 22:58:22    U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 22 2018 22:58:21    United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                  Newark, NJ 07102-5235
cr              +E-mail/Text: Hcabankruptcy-courtnotices@hcamerica.com Feb 22 2018 22:58:32
                  Hyundai Motor Finance, servicer for Hyundai Lease,    P.O. Box 20829,
                  Fountain Valley, CA 92728-0829
517183761       +E-mail/Text: bnc@bass-associates.com Feb 22 2018 22:58:13    Cavalry SPV I, LLC,
                  c/o Bass & Associates, P.C.,    3936 E. Ft. Lowell Rd., Suite 200,    Tucson, AZ 85712-1083
516957344        E-mail/Text: cio.bncmail@irs.gov Feb 22 2018 22:58:17    Internal Revenue Service,
                  Department of the Treasury,    PO Box 21126,    Philadelphia, PA 19114-0000
516957345       +E-mail/PDF: gecsedi@recoverycorp.com Feb 22 2018 23:01:59    JC Penney,    PO Box 530945,
                  Atlanta, GA 30353-0945
516957348       +E-mail/Text: bnckohlsnotices@becket-lee.com Feb 22 2018 22:58:14    Kohls Payment Center,
                  PO Box 2983,    Milwaukee, WI 53201-2983
517131286        E-mail/PDF: pa_dc_claims@navient.com Feb 22 2018 23:02:01
                  Navient Solutions, LLC on behalf of,    Department of Education Loan Services,    PO BOX 9635,
                  Wilkes-Barre, PA 18773-9635
516957351       +E-mail/Text: bnc@nordstrom.com Feb 22 2018 22:58:15    Nordstrom,    PO box 13589,
                  Scottsdale, AZ 85267-3589
517144974        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 22 2018 23:07:28
                  Portfolio Recovery Associates, LLC,    c/o Best Buy Visa,    POB 41067,    Norfolk VA 23541
517101105        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 22 2018 23:07:39
                  Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                  Norfolk VA 23541
517137136        E-mail/Text: bnc-quantum@quantum3group.com Feb 22 2018 22:58:20
                  Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA 98083-0788
516960987       +E-mail/PDF: gecsedi@recoverycorp.com Feb 22 2018 23:01:45    Synchrony Bank,
                  c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516957355       +E-mail/PDF: gecsedi@recoverycorp.com Feb 22 2018 23:01:45    Synchrony Bank/Care Credit,
                  Bankruptcy Department,    PO Box 956060,    Orlando, FL 32896-0001
516957357       +E-mail/PDF: pa_dc_ed@navient.com Feb 22 2018 23:01:35    US Department of Education,    Navient,
                  PO Box9635,    Wilkes Barre, PA 18773-9635
                                                                                               TOTAL: 15
```

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Feb 22, 2018
                              Form ID: pdf901          Total Noticed: 41
```

```
          ***** BYPASSED RECIPIENTS (continued) *****

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516998623*     +Toyota Lease Trust,   c/o Toyota Motor Credit Corporation,    PO Box 9013,
                 Addison, Texas 75001-9013
516957339     ##+Capital One Bank,    375 Broad Avenue,    Ridgefield, NJ 07657-2328
                                                                           TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 24, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 20, 2018 at the address(es) listed below:
```
          Albert    Russo    docs@russotrustee.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
          Jacqueline Rita Rocci    on behalf of Debtor Castulie Diane Moonesar jacqueline@rocciesquire.com,
           jrocci@optonline.net
          John R. Morton, Jr.    on behalf of Creditor    Hyundai Motor Finance, servicer for Hyundai Lease
           Titling Trust ecfmail@mortoncraig.com,    mortoncraigecf@gmail.com
          Kevin M. Buttery    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY
           bkyefile@rasflaw.com
          Laura M. Egerman    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY
           bkyecf@rasflaw.com,    bkyecf@rasflaw.com;legerman@rasnj.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                           TOTAL: 7
```